**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| NATIONAL FOUNDATION FOR SPECIAL NEEDS INTEGRITY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:15-cv-00545-TWP-DKL ) |
| DEVON C. REESE, as Personal Representative for the Estate of Theresa A. Givens, deceased. | ) ) ) |
| Defendant. | ) ) |

**ENTRY ON MOTION TO DISMISS AMENDED COUNTERCLAIM**

Before the Court is Plaintiff National Foundation for Special Needs Integrity, Inc's. ("National Foundation"), Motion to Dismiss the Defendant's Amended Counterclaim (Filing No. 27), pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Motion to Dismiss is **DENIED**.

**I. BACKGROUND**

National Foundation is a not-for-profit corporation whose purpose is to act as trustee to pooled special needs trusts. A special needs trust is a trust created for the benefit of a beneficiary with a disability who is receiving means-tested governmental benefits, such as Supplemental Security Income or Medicaid. A special needs trust protects a disabled person's eligibility for current or future public benefits while simultaneously allowing the person with disabilities access to additional funds to pay for expenses not covered by public benefits. The trust property of numerous trust beneficiaries (called "members") is "pooled" for the purpose of custody, management, and investment in accordance with 42 U.S.C. §1396(d)(4)(C). A separate "sub-account" is established and administered for the sole benefit of each specific trust member. At the

time of a pooled trust member's death, the funds remaining in the deceased member's sub-account must be used to pay back Medicaid, and if funds still remain after repayment, the funds either: (a) remain in the pooled trust for the benefit of the other pooled trust members, or (b) can be distributed to others pursuant to the beneficiary's wishes that are clearly stated in the trust documents.

Theresa Givens ("Givens") was an indigent African-American woman who obtained a substantial settlement in a products liability case in 2009. (Filing No. 24 at 2.) On August 9, 2011, Givens joined the pooled trust operated by National Foundation. She deposited approximately $250,000.00 into her trust sub-account on October 10, 2011. Givens decided to join the special needs trust based on the advice of her personal injury attorneys who warned that the settlement funds needed to be placed in the trust so that she would not lose her public health benefits. (*Id*. at 3.) Sadly, on November 19, 2011[1], just a few weeks after funding the trust, Givens died. As a result, at the time of her death, approximately $240,000.00 was left in her trust sub-account[2], with no repayment being due to Medicaid.

On or about November 23, 2011, Givens' personal injury attorneys contacted National Foundation regarding distribution of the remaining trust funds to Givens adult children. (*Id*.) At that time, National Foundation informed Givens' attorneys that Givens had designated herself as the remainder beneficiary. (*Id*.) As a result, National Foundation stated that it would not distribute the funds to Givens' adult children but would, instead, retain the funds in the trust's remainder share account for the benefit of other pooled trust members, consistent with the terms of the trust document. (Filing No. 24 at 3-4; Filing No. 28 at 6.)

---

[1] The Amended Counter-Claim provides two different dates of Givens' death, November 19 and November 28, 2011. The Court assumes the first date is the correct date, given that Reese asserts that Givens' injury attorney contacted National Foundation regarding distribution of the funds on November 23, 2011. (*See* Filing No. 24 at 3).

[2] National Foundation claims that only $220,550.00 was left in the trust at the time of Givens' death. (Filing No. 28 at 5.) However, the Court must assumes Reese's version of the facts, as the non-movant, for purposes of evaluating the motion to dismiss.

2

Devon Reese ("Reese") is one of Givens' three adult children and represents Givens' estate. Reese asserts that Givens' named herself as the remainder beneficiary by mistake. (Filing No. 24 at 3, 5, 7). In support, Reese alleges that National Foundation's representative, Shane Service, admitted as much during the telephone call on November 23, 2011. (*Id*. at 3-4.) In addition, Reese claims that Givens had previously expressed to her personal injury attorneys that she wanted any left over money to benefit her three adult children, as evidenced by the attorneys' notes. (*Id*. at 2.)

Givens' adult children did not file a lawsuit to recover the remaining trust funds. Instead, National Foundation filed this action nearly three-and-a-half years later, on April 6, 2015, seeking a declaration that the transfer of the funds into the trust's remainder share account was proper. Thereafter, on June 29, 2015, Reese filed a counterclaim for recovery of the remaining trust funds. In particular, Reese seeks reformation and deviation of the trust funds to reflect, what he believes are, the true wishes of his mother.

In its Motion to Dismiss, National Foundation argues that Reese's counterclaims are time-barred based the equitable defense of laches. In addition, National Foundation argues that Reese's deviation claim fails to plausibly plead all the elements of the claim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint fails to sets forth a claim upon which relief can be granted. "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi*., 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, when analyzing a Rule 12(b)(6) motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations

as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At a minimum, the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests; and the factual allegations must raise a right to relief above the speculative level. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Tamayo*, 526 F.3d at 1081, 1083. While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "(t)hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although this does not require heightened fact pleading of specifics, it does require the complaint to contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp.*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083 ("(a) plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief").

### III. DISCUSSION

**A.     Reformation Claim**

National Foundation argues that Reese's counterclaim for reformation should be dismissed because Reese has failed to plead sufficient facts to avoid the equitable defense of laches. Specifically, National Foundation argues that Reese has failed to sufficiently plead the reasons for

his delay in seeking relief in his amended counterclaim and has failed to sufficiently plead facts suggesting that National Foundation was not prejudiced by the delay.

Laches is an equitable defense that may be raised to stop a person from asserting a claim that he or she would normally be able to assert. *Angel v. Powelson*, 977 N.E.2d 434, 445 (Ind. Ct. App. 2012) ("[l]aches is neglect for an unreasonable length of time, under circumstances permitting diligence, to do what the law should have done."). The equitable defense of laches may bar an opposing party's claim if the defending party establishes: (1) an inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party. *Id*. A mere lapse in time is not sufficient to establish laches; it is also necessary to show an unreasonable delay that causes prejudice or injury. *Id*. Prejudice may be created if a party, with knowledge of the relevant facts, permits the passing of time to work a change of circumstances by the other party. *Id*.

To begin, laches is an affirmative defense, which must be proven by National Foundation rather than Reese. *Jeffries v. Chi. Transit Auth.*, 770 F.2d 676, 679 (7th Cir. 1985), *Sherman v. Standard Rate Data Serv., Inc.*, 709 F. Supp. 1433, 1441 n. 9 (N.D. Ill. 1989). In the typical case, a court's evaluation of a motion to dismiss is carefully limited to the allegations found in the plaintiff's complaint, or in this case the defendant's amended counterclaim. *See Hamilton v. Summers*, 95 F. Supp. 2d 908, 911 (N.D. Ill. 2000); 5B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* §§ 1356, 1357 (3d ed. 2015). As a result, the Court may only consider defenses that are either directly pleaded by Reese or are otherwise obvious on the face of the amended counterclaim. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("[o]rders under Rule 12(b)(6) are not appropriate responses to the

invocation of defenses, for [parties] need not anticipate and attempt to plead around all potential defenses," and "only when [a party] pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a [pleading] that otherwise states a claim be dismissed under Rule 12(b)(6)"); *U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003); *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) ("[a]ffirmative defenses do not justify dismissal under Rule 12(b)(6)"); Wright, Miller & Kane, *supra*, § 1357.

Courts typically limit the scope of their analysis in this way to avoid unnecessarily converting a motion to dismiss, which evaluates the formal statement of the claim, into a summary judgment motion, which evaluates the substantive merits of the claim. Wright, Miller & Kane, *supra*, § 1357 ("the district court in its discretion may decide that a motion for summary judgment, which provides an opportunity for an investigation of the facts surrounding the bare allegations in the pleading, is a more appropriate procedural device to deal with the built-in defense than a motion to dismiss under Rule 12(b)(6).").

In addition, the Seventh Circuit has specifically held that the affirmative defense of laches is not properly evaluated pursuant to a motion to dismiss. *See Topping v. Fry*, 147 F.2d 715, 718 (7th Cir. 1945). *See also Jeffries*, 770 F.2d at 679 ("[l]aches is generally a factual question not subject to summary judgment", noting that delay and prejudice are factual issues"); *Superior Paintless Dent Removal, Inc. v. Superior Dent Removal, Inc.*, 454 F. Supp. 2d 769, 771-72 (N.D. Ill. 2006) (declining to apply a laches defense pursuant to a motion to dismiss, even after acknowledging that the elements may have been met); *Sherman*, 709 F. Supp. at 1441 ("laches is a factual question which generally is not subject to resolution at the summary judgment stage let alone the pleadings stage"). *But see Arclar Co. v. Gates*, 17 F. Supp. 2d 818, 823 (S.D. Ill. 1998) (addressing, and denying, a doctrine of laches defense while considering a motion to dismiss) (this

case appears to be an outlier and potentially confuses a case applying the defense of laches under Illinois procedural law with the prohibition against applying the defense under Fed. R. Civ. P. 12(b)(6)); *Credit Info. Sys., Inc. v. Emp'rs Reinsurance Corp.*, No. 86 C 7196, 1987 WL 7824, at *1 (N.D. Ill. Mar. 9, 1987). Given this reality, the Court is not persuaded by National Foundation's recitation to a case from a federal district court in Maryland to suggest an alternative understanding of the law. (*See* Filing No. 28 at 6) (citing *Knickman v. Prince George's Cty.*, 187 F. Supp. 2d 559, 564 n.4 (D. Md. 2002).) As a result, the Court finds the laches argument to be inappropriate at this stage of the proceedings, in a motion to dismiss.

Further, even considering Reese's pleading, Reese does not allege either an inexcusable delay in bringing his claim or that National Foundation was prejudiced by such a delay. Consequently, it cannot be said that Reese's counterclaim "admits all the ingredients of an impenetrable defense" or that Reese has "plead[ed] [himself] out of court". *See Xechem, Inc.*, 372 F.3d at 901. Indeed, while the laches issue is not yet properly before the Court, it appears that an argument can be made that both parties bear responsibility for the delay in bringing this action, as National Foundation also waited three-and-a-half years before filing its declaratory action. Further, National Foundation may be hard-pressed to demonstrate prejudice, as it admits that it decided to transfer Givens' remaining trust funds to its remainder share account almost immediately after Givens died, before any legal action was pursued by Givens' estate, which was not opened until almost a year later:

> On November 23, 2011, Givens' attorney contacted the [National Foundation] about the matter. [National Foundation] confirmed that Ms. Givens[sic] designation as the remainder beneficiary prevented [National Foundation] from distributing the trust funds to her children. [National Foundation] subsequently transferred the funds to its reminder [sic] share account for the use and benefit of the other pooled trust beneficiaries.

([Filing No. 28 at 6](#)). These factual concerns further convince the Court that National Foundation's laches argument is better addressed at a later stage in the litigation, following discovery into any and all reasons for the purported delay.[3]

That said, Reese only had to present a short plain statement that he is entitled to relief on his reformation claim, which is plausible on its face. Fed. R. Civ. P. 8(a)(2). *Twombly*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083; *Bissessur*, 581 F.3d at 603. He has succeeded in meeting that burden. Accordingly, dismissal of Reese's reformation claim is unwarranted.

**B.**     **Deviation Claim**

National Foundation also argues that Reese's counterclaim for deviation of the trust funds should be dismissed because Reese has failed to sufficiently plead any circumstances unknown to Givens at the time she joined the trust. In particular, National Foundation argues that Givens did not make a mistake in naming herself as the remainder beneficiary and the express terms of the trust documents demonstrate that the remaining funds would revert back to the trust.

> Upon petition by the trustee or a beneficiary, the court shall direct or permit the trustee to deviate from a term of the trust if, owing to circumstances not known to the settlor and not anticipated by him, compliance would defeat or substantially impair the accomplishment of the purposes of the trust. In that case, if necessary to carry out the purposes of the trust, the court may direct or permit the trustee to do acts which are not authorized or are forbidden by the terms of the trust, or may prohibit the trustee from performing acts required by the terms of the trust.

Ind. Code § 30-4-3-26(a).

Once again, Reese only had to present a short plain statement that he is entitled to relief on his deviation claim, which is plausible on its face. Fed. R. Civ. P. 8(a)(2). *Twombly*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083; *Bissessur*, 581 F.3d at 603. In this regard, Reese pleaded that Givens named herself as the remainder beneficiary by mistake and did not intend for the remaining

---

[3] The Court finds the same to be true regarding Mr. Reese's reformation claim, which National Foundation also challenged under the defense of laches but did not explain or develop the argument in its brief.

funds to revert back to the trust upon her death. (Filing No. 24 at 3, 5, 7.) In support, Reese claims that National Foundation's representative, Shane Service, admitted that Ms. Givens named herself at the remainder beneficiary by mistake, during the telephone call on November 23, 2011. (*Id.* at 3-4.) In addition, Reese claims that Givens had previously expressed to her personal injury attorneys that she wanted any left over money to benefit her three adult children, as evidenced by the attorneys' notes. (*Id.* at 2.) These facts plausibly suggest a "circumstance not known to [Givens]" that "would defeat or substantially impair the accomplishment of the purposes of the trust". Further, National Foundation's factual arguments to the contrary are not properly addressed in a motion to dismiss.

National Foundation cites to *Kristoff v. Centier Bank*, 985 N.E. 2d 20 (2013), to suggest that Givens did not make a mistake, however the Court is not persuaded. To begin, *Kristoff* evaluated the issue of unknown circumstances pursuant to a summary judgment motion rather than a motion to dismiss. The facts in *Kristoff*, which involved a generation-skipping trust, are not directly analogous to Reese's allegation of a mistaken beneficiary designation. As such, the Court is not persuaded that *Kristoff* demands dismissal of Reese's deviation claim at the pleading stage of this litigation.

Accordingly, the Court finds that dismissal of Reese's deviation claim is unwarranted.

### IV. <u>CONCLUSION</u>

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether a party will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). For the foregoing reasons, the Court finds that Reese's counterclaims have survived the initial hurdle of a motion to dismiss. Whether or not these claims can survive

9

summary judgment is a matter for another day. National Foundation's Motion to Dismiss Amended Counterclaim (Filing No. 27) is **DENIED**.

**SO ORDERED.**

Date: 2/5/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Wanda E. Jones
JONES LAW OFFICES
wej@indianajoneslaw.com

David W. Gray
LEWIS & KAPPES PC
dgray@lewis-kappes.com

Matthew S. Tarkington
LEWIS & KAPPES PC
mtarkington@lewis-kappes.com

Suzanne R. Gaidoo
LEWIS & KAPPES PC
sgaidoo@lewis-kappes.com

James A. Beckemeier
THE BECKEMEIER LAW FIRM, LC
jbeckemeier@rlblaw.com