UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATIONAL FOUNDATION FOR ) | |
| SPECIAL NEEDS INTEGRITY, INC., ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | |
| ) | No. 1:15-cv-545-TWP-DKL |
| vs. ) | |
| ) | |
| DEVON C. REESE, *as Personal* ) | |
| *Representative for* THE ESTATE OF ) | |
| THERESA A. GIVENS, *deceased*, ) | |
| ) | |
| Defendant/Counterclaimant. ) | |

*Entry and Order Granting Motion for Protective Order in Part [doc. 92]*

Plaintiff filed a *Motion for Protective Order*, seeking to prevent the December 19, 2016, depositions of Andrea McGaughey and Erin Ostmann. Defendant has responded, and Plaintiff filed a reply. In the response, Defendant states that the Estate has decided to withdraw the Notice of Deposition and Subpoena for McGaughey. Consequently, the only matter remaining is the deposition of Ostmann. For the following reasons, the Court finds that the motion should be granted.

Discovery closed on April 1, 2016. District Judge Tanya Walton Pratt issued her *Entry on Cross Motions for Summary Judgment* on October 26, 2016. Thereafter, Defendant's counsel emailed Plaintiff's counsel expressing a desire to take Ostmann's deposition for trial because she was outside the Court's power to subpoena her to testify at trial. Ostmann was one of Theresa Givens' dialysis aides; Ostmann also was a witness to the Joinder Agreement and her handwriting is the writing on the Joinder Agreement. On

December 6, 2016, the deposition was noticed for December 19, 2016, in St. Louis, Missouri.

The Federal Rules of Civil Procedure do not distinguish between "discovery" and "trial" depositions. *Geneva Mfg., LLC v. Grand & Benedicts, Inc.*, No. 13-cv-1274, 2015 WL 6685386, at *1–2 (E.D. Wis. Oct. 29, 2015); *Estate of Gee ex rel. Beeman v. Bloomington Hosp. & Health Care Sys.*, No. 1:06-cv-00094-TWP-TAB, 2012 WL 729269, at *6 (S.D. Ind. Mar. 6, 2012). However, some courts have drawn a distinction between depositions taken during the course of discovery and trial depositions. *See, e.g., Estate of Gee,* 2012 WL 729269, at *6; *Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122, 124–25 (S.D. Ind. 1991). Depositions taken during discovery are taken "with the goal of ascertaining new information," whereas "trial depositions [are] taken to preserve information that the party already has knowledge of, but would be otherwise unavailable." *Stuhlmacher v. Home Depot U.S.A., Inc.*, No. 2:10-cv-00467-APR, 2014 WL 835382, at *2 (N.D. Ind. Mar. 4, 2014). The court's scheduling order for discovery does not prevent a party from taking a trial deposition. *Id.*; *Estate of Gee*, 2012 WL 729269, at *6.

Therefore, when a party opposes a deposition scheduled after the close of discovery, the court is tasked with deciding whether the deposition "is actually being taken to preserve trial testimony, or if that is merely an after-the-fact excuse to take a belated discovery deposition." *Estate of Gee*, 2012 WL 729269, at *6. In making this decision, the Court should consider several factors, "including the unavailability of the witness for trial, the potential for prejudice to the opposing party, and whether the deposing party knew the information the potential witness would testify to prior to the

deposition," placing special emphasis on the potential for prejudice. *Id.* (quotation and citation omitted).

While Ostmann is outside the Court's subpoena power because she lives in St. Louis, Missouri, this is something Defendant should have taken into account earlier; her unavailability did not develop since the close of discovery. According to Defendant's *Response to NFSNI's Objections* [doc. 97 at 3], Ostmann was listed as a potential witness of Defendant back in December 2015, well before the close of discovery. But it seems her importance became evident to Defendant only after the summary judgment ruling in October of this year. As stated in defense counsel's November 30, 2016 email, Ostmann was not viewed as a "necessary witness" until after that ruling. [*NFSNI's Objections*, *Ex. F*, doc. 91-6.]

Defendant has not shown that the deposition of Ostmann is for the purpose of preserving testimony rather than seeking new information. When asked what her anticipated testimony would be, defense counsel claimed that whether they had talked with Ostmann was work product. The Court disagrees that a witness's anticipated testimony would constitute work product. No indication was given as to what Ostmann's testimony was expected to be. And none has been offered in response to the motion for protective order. Thus, Defendant has not shown that the deposition would be for the purpose of preserving information it already knows.

It appears that Defendant wants to depose Ostmann to establish that it is her handwriting on the fill-in sections of the Joinder Agreement. Plaintiff is correct: this is discovery seeking, not evidence preserving. Yet Defendant identified Ostmann as a

potential witness back in December 2015 and did not seek to depose her before the discovery deadline expired. It seems that Plaintiff would be prejudiced by allowing the deposition at this late hour. Because discovery is now closed, Plaintiff could not seek discovery of new matters that come to light during the deposition.

The Court finds that the deposition of Ostmann is a belated discovery deposition. Good cause has not been shown to modify the scheduling order and allow the deposition after the close of discovery, as Federal Rule of Civil Procedure 16(b) requires. Accordingly, with the understanding that Defendant no longer seeks to depose Andrea McGaughey, the *Motion for Protective Order* [doc. 92] is **granted in part**. The Court **orders** that the deposition of Erin Ostmann shall not be conducted.

Date: 12/20/2016

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record